UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK LAVONE SOLOMON, #214643,

                    Plaintiff,

                                         CASE NO. 05-CV-72360-DT

v.                                  HONORABLE MARIANNE O. BATTANI

WENDY BAXTER,

                    Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**    **Introduction**

       The Court has before it Plaintiff Rick Lavone Solomon's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Marquette Branch Prison in Marquette, Michigan. In his complaint, Plaintiff sues Wayne County Circuit Court Judge Wendy Baxter and seeks declaratory, injunctive, and monetary relief. Plaintiff alleges that Judge Baxter has failed to act on his state habeas corpus complaint, which was filed in May, 2005, in violation of his due process and equal protection rights. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**II.**    **Discussion**

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal for several reasons.

First, Plaintiff is essentially seeking a writ of mandamus in this action because he is requesting that this Court intervene in his state court proceedings to require Judge Baxter to act on his state habeas corpus complaint.  It is well-settled, however, that "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the

2

performance of their duties." *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970); *see also Syka v. Corrigan*, 46 Fed. Appx. 260, 261 (6th Cir. 2002) (federal court lacks authority to compel Michigan courts to rule on merits of petitioner's motion for reconsideration); *Woods v. Weaver*, 13 Fed. Appx. 304, 306 (6th Cir. 2001) (federal court has no authority to issue writ of mandamus directing Michigan courts to rule on merits of petitioner's post-conviction motion); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (federal district court did not have jurisdiction to issue writ of mandamus directing state court to rule on pending state habeas matter). Moreover, the remedy of mandamus in the federal courts is considered "a drastic one, to be invoked only in extraordinary situations." *See Kerr v. United States Dist. Ct. for N. Dist. of Calif.*, 426 U.S. 394, 402 (1976) (internal citations omitted). The party seeking a writ of mandamus must have no other adequate means to obtain the desired relief and must show that the right to the issuance of the writ is "clear and indisputable." *Id.* at 403. Plaintiff has made no such showing.

Second, Plaintiff has failed to state a claim for relief based upon alleged violations of his due process and equal protection rights. Plaintiff has failed to state a due process claim because he has not shown that the state courts have refused to consider his state habeas complaint. The fact that Judge Baxter has not ruled on a two-month-old complaint is insufficient to establish a denial of due process as such delay is not unreasonable. *See, e.g., Potts v. Brown*, 2002 WL 1972243, *3 (N.D. Ill. 2002) (unpublished) (delay of a few weeks in filing documents and fact that case was pending for one year did not constitute a due process violation). The complaint is also devoid of facts which indicate that any delay in processing his state habeas complaint has been intentional. Further, Plaintiff has not established that the state appellate courts have refused to provide an opportunity for him to challenge any decision by the state trial court. *See Yellow Freight Sys., Inc. v. Martin*, 954 F.2d 353, 357 (6th Cir. 1992). Plaintiff has similarly failed to

3

state an equal protection claim because he has not alleged any facts to show that he was treated differently than other litigants to whom he is similarly situated.  *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983.  *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

Third, Judge Baxter is entitled to absolute immunity on any claim for monetary damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000).  Plaintiff's claim for monetary damages against Defendant Baxter must therefore be dismissed for this additional reason.

## III.   Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state claims upon which relief may be granted under § 1983 and that Defendant Baxter is absolutely immune from suit on any claim for monetary damages.  Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b)(1).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

4

DATED: <u>July 11, 2005</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK LAVONE SOLOMON, #214643,

        Plaintiff,

                                       CASE NO. 05-CV-72360-DT
v.                                HONORABLE MARIANNE O. BATTANI

WENDY BAXTER,

        Defendant.

_____/

**JUDGMENT**

      The above-entitled matter having come before the Court on a Complaint brought

pursuant to 42 U.S.C. § 1983, Honorable Marianne O. Battani, United States District Judge,

presiding, and in accordance with the Opinion and Order entered on this date;

      **IT IS ORDERED AND ADJUDGED** that the Complaint is **DISMISSED WITH**

**PREJUDICE**.


                             s/Marianne O. Battani
                             MARIANNE O. BATTANI
                             UNITED STATES DISTRICT JUDGE

DATED: July 11, 2005